United States District Court
Middle District of Florida
Jacksonville Division

ADRIAN ALBERTO GONZALEZ GONZALEZ,

   *Plaintiff,*

   v.                                     No. 3:26-cv-471-JEP-PDB

MARKWAYNE MULLIN,
SECRETARY OF THE U.S. DEPARTMENT
OF HOMELAND SECURITY, ET AL.,

   *Defendants.*

---

## Order

The plaintiff filed the original complaint on March 5, 2026. Doc. 1. He has not filed any proof of service of process (a summons and the complaint or amended complaint) on the defendants and otherwise does not appear to be diligently prosecuting the claims against the defendants.

The following rule governs service of process on the United States or a federal officer or employee sued in his official capacity:

> (i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.
>
> (1) *United States.* To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i).

"[P]roof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "Within twenty-one days after service of a summons and complaint or receipt of a waiver, a party must file proof of service or the waiver." Local Rule 1.10(a).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

2

made within a specified time." Fed. R. Civ. P. 4(m). Moreover, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." Local Rule 3.10.

By **August 28, 2026**, the plaintiff must take two actions: (1) serve each defendant with process, and (2) show cause why the court should not dismiss the action for failure to prosecute diligently.

**Ordered** in Jacksonville, Florida, on July 16, 2026.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

3